UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FLAMINGO/TENAYA, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BANK OF AMERICA, N.A., ) <br> ) <br> Defendant. ) <br> _____ ) | 2:13-cv-01005-RCJ-CWH <br><br> ORDER |

This case arises out of the alleged breach of a loan modification agreement. Pending before the Court is a Motion to Dismiss (ECF No. 6). For the reasons given herein, the Court grants the motion.

**I.   FACTS AND PROCEDURAL HISTORY**

Plaintiff Flamingo/Tenaya, LLC gave non-party lender First Republic Bank a $4,275,000 promissory note (the "Note") and deed of trust against real property at 7360 W. Flamingo Road & 4035 S. Tenaya Road in Las Vegas, Nevada. (*See* Compl. ¶¶ 4–5, June 6, 2013, ECF No. 1-1). The lender later assigned the Note to Defendant Bank of America, N.A. (*See id.* ¶ 6). On August 23, 2012, non-party James Kay contacted Defendant on behalf of Plaintiff to inquire as to the interest rate on the Note. (*See id.* ¶ 9). On August 24, 2012, Defendant's Vice President, non-party Scott Shealy, sent Plaintiff an email stating, "Based on the loan agreement your rate will change to a monthly adjustable rate on November 1, 2012 at a rate based on the 5 year Treasury plus 2.5% which would equate to 3.28% of interest." (*Id.* ¶ 11). Kay responded to confirm that the rate would drop to that rate, and Shealy replied confirming that fact. (*See id.* ¶¶ 12–13). On

1  Jnuary 2, 103, Defendant sent Plaintiff a letter indicating that the information Shealy had given
2  Jay was incorrect. (*Id.* ¶ 16). Plaintiff has paid the previous interest rate under protest in the
3  meantime. (*See id.* ¶ 18).

4      Plaintiff sued Defendant in state court for breach of contact and both contractual and
5  tortious breach of the implied covenant of good faith and fair dealing. Defendant removed and
6  has moved to dismiss.

7  **II.     LEGAL STANDARDS**

8      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
9  claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of
10 what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47
11 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action
12 that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule
13 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720
14 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for
15 failure to state a claim, dismissal is appropriate only when the complaint does not give the
16 defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*
17 *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is
18 sufficient to state a claim, the court will take all material allegations as true and construe them in
19 the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th
20 Cir. 1986). The court, however, is not required to accept as true allegations that are merely
21 conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*
22 *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action
23 with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own
24 case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79
25 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). In other words, under the modern interpretation of Rule 8(a), a plaintiff must not only specify a cognizable legal theory (*Conley* review), but also must plead the facts of his own case so that the court can determine whether the plaintiff has any plausible basis for relief under the legal theory he has specified, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III.   ANALYSIS

The Court grants the motion. First, creditors are not in fiduciary-like special relationships with their debtors, so a tortious bad faith claim cannot lie. Second, the contract-based claims fail because Plaintiff alleges no facts indicating an offer to modify the Note. The alleged communication from Shealy to Jay did not constitute an offer of modification. It was an incorrect explanation of the existing terms of the Note. An erroneous explanation of the existing

terms of a contract is necessarily not an offer to modify a contract, because the mistaken explainer does not think he is offering any change. As Defendant notes, the Note's interest rate was indeed adjustable, but both Shealy and Jay apparently failed to recognize in their exchange that the Note's interest rate could never decrease below the initial fixed rate of 6.5% and could never increase above 10.95%. (*See* Note §§ 2.1–2.3, Oct. 30, 2007, ECF No. 1-2). Moreover, Defendant provides Shealy's email in fuller context:

> *At this time we are not able to make any rate adjustments to commercial loans,* however, based on the loan agreement your rate will change to a monthly adjustable rate on November 1, 2012 at a rate based on the 5 year Treasury plus 2.50% which this week would equate to 3.28% of interest.

(Shealy Email, Aug. 24, 2010, ECF No. 6-2, at 2 (emphasis added)). Legally speaking, this means, "We can make no offer of modification. However, our (incorrect) understanding of the loan terms is that the rate will adjust to 3.28% in November." So there is clearly no loan modification alleged. It is beyond doubt that Shealy did not intend to modify the existing terms of the loan. At most, promissory estoppel might be alleged. But there can be no reasonable reliance upon such a clearly erroneous reading of the terms at issue. The terms of the Note limiting the adjustable interest rate between 6.5% and 10.95 % are too plain to be justifiably misunderstood by any literate, adult party, much less by a sophisticated actor such as Plaintiff.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 6) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 10th day of January, 2014.

_____
ROBERT C. JONES
United States District Judge